**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

DEC 2 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| Ann Powers, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   08 2221 |
| | ) | |
| State of Massachusetts, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on consideration of plaintiff's *pro se* complaint and

application to proceed *in forma pauperis*.  The Court will grant the application, and dismiss the

complaint.

The complaint states that plaintiff observed oil on the Charles River, that this "is a big

claim," and that plaintiff hopes to use the proceeds of the claim "to finish her studies at Harvard

Medical School in Massachusetts." (Compl. at 2-3.) The complaint further states that plaintiff

"at least needs her disability — social security disability to go through." (*Id.* at 4.)

Federal district courts have jurisdiction in civil actions arising under the Constitution,

laws or treaties of the United States.  *See* 28 U.S.C. § 1331.  Here, however, the complaint does

not explicitly identify a basis for this Court's jurisdiction and does not identify a claim arising

under the laws of the United States or otherwise provide sufficient information for the Court to

discern a basis for its jurisdiction.  Federal district courts also have jurisdiction over certain civil

actions in which the parties are of diverse citizenship.  *See* 28 U.S.C. §1332(a).  But federal

diversity jurisdiction does not encompass actions where, as here, the defendant is itself a state.



3

Accordingly, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction. An appropriate order accompanies this memorandum opinion.

Date: 12/9/08

_____
United States District Judge